{¶ 57} I concur with the majority in judgment only. The focus of the majority's opinion centers on the effect of Foster on appellant's sentence. However, Foster is inapplicable to the facts sub judice.
 {¶ 58} Appellant entered a written guilty plea to failure to comply with the order or signal of a police officer in violation of R.C.2921.331(B), a third-degree felony. This plea placed appellant at risk of receiving a sentence in the range of one to five years imprisonment. Appellant was sentenced to three years imprisonment. Appellant also entered a written guilty plea to receiving stolen property, a fourth-degree felony in violation of R.C. 2913.51(A). The range of imprisonment for this offense is six to eighteen months. Appellant was sentenced to twelve months. These sentences are consistent with current sentencing law.
 {¶ 59} According to the pre-sentence investigation report, appellant had previously been incarcerated for more than one offense. This prior prison term elevated appellant beyond the minimum sentence without any requirement for factual findings by the judiciary. Therefore,Foster is inapplicable. Appellant had previously been imprisoned. Therefore, appellant was properly sentenced to more-than-the-minimum under Ohio's sentencing scheme both pre-Foster and post-Foster.
 {¶ 60} Appellant's twelve-month sentence was ordered to be served consecutively to the three years imposed for the failure to comply offense.[3] The consecutive nature of these sentences is required by law.
 {¶ 61} R.C. 2921.331(D) provides: "If an offender is sentenced pursuant to division (C) (4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."
 {¶ 62} Therefore, Foster had no effect whatsoever on either the imposition of more-than-the-minimum sentences or the consecutive nature of the sentences imposed on appellant. The sentences were required by law. As such, the extensive analysis provided by the majority, although illuminating, is unnecessary in this appeal.
 {¶ 63} Therefore, I concur in judgment only.
[3] For the same reason that the more-than-the-minimum sentence imposed on count one is proper, this more-than-the-minimum sentence for count two is likewise appropriate due to appellant's prior prison term.